UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-00237-TWP-DML |
| | ) | |
| OSCAR HALL, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on August 10, 2021, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 4, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 4, 2022, defendant Oscar W. Hall appeared in person with his appointed counsel, William Dazey. The government appeared by James Warden, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Brian Bowers, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Hall of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Hall questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Hall and his counsel, who informed the court they had reviewed the Petition and that Mr. Hall understood the violations alleged. Mr. Hall waived further reading of the Petition.

3. The court advised Mr. Hall of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Hall was advised of the rights he would have at a preliminary hearing. Mr. Hall stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Bailey of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Hall, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, and 4 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside in a residential reentry center for a term of 180 days. You shall abide by the rules and regulations of the facility."** |

> The residential reentry center (RRC) reports Mr. Hall violated the rules on the following dates:
>
> On July 14, 2021, Mr. Hall was found in possession of THC syrup.
>
> On August 6, 2021, Mr. Hall visited an unapproved location.
>
> On August 9, 2021, Mr. Hall called 911 and reported he was suffering from severe chest pains. He was transported to Methodist Hospital and released from the hospital sometime before 10am that same day. Mr. Hall has not returned to the RRC.

2 **"The defendant shall refrain from any unlawful use of a controlled substance."**

> On July 1, 2021, Mr. Hall tested positive for marijuana, amphetamines, cocaine, and opiate use. Mr. Hall admitted consuming Percocet daily without a prescription. On July 12, 2021, he tested positive for opiate use. Additionally, as noted above, he was found in possession of THC syrup on July 14, 2021, while at the RRC.

3 **"You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment."**

> Mr. Hall was employed for approximately one month since beginning supervision.

4 **"The defendant shall pay any fine or restitution that is imposed by this judgment."**

> Mr. Hall made one payment since he was released in September 2019. On July 1, 2021, he was instructed to begin paying $10 every Friday. Since that time he has made no payments.

6. The court placed Mr. Hall under oath and directly inquired of Mr. Hall whether he admitted Violation Numbers 1, 2, 3, and 4 of his supervised release set forth above. Mr. Hall admitted the violations as set forth above.

7. The parties and the USPO further stipulated:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

      (b)    Mr. Hall's criminal history category is IV.

      (c)    The range of imprisonment applicable upon revocation of Mr. Hall's supervised release, therefore, is 12 - 18 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

8. The parties jointly recommended a sentence of twelve (12) months and one (1) day with no supervised release to follow. Defendant requested placement at a facility closest to Indianapolis, Indiana.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, OSCAR W. HALL, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no supervised release to follow. This Magistrate Judge will make a recommendation of place at a facility closest to Indianapolis, Indiana.

Counsel for the parties and Mr. Hall stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Hall entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of

any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Hall's supervised release, imposing a sentence of twelve (12) months and one (1) day with no supervised release to follow. This Magistrate Judge makes a recommendation of placement at a facility closest to Indianapolis, Indiana. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 1/20/2022

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system